ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

YVONNE ARCHIE-BURCH,          )
                              )
    Plaintiff,                )
                              )
v.                            )    CV 110-093
                              )
SOLVERN INNOVATIONS,          )
                              )
    Defendant.                )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case on June 29, 2010, and requested permission to proceed *in forma pauperis* ("IFP"). The Court denied the IFP motion, and Plaintiff paid the $350.00 filing fee on September 17, 2010. Because she is proceeding *pro se*, the Court provided her with some basic instructions regarding the development and progression of this case. (Doc. no. 7.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendant and explained how service could be accomplished. (Id.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), she had 120 days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in dismissal of the entire case. (Id.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that the defendant had been served, the Court directed Plaintiff to show cause why her case should not be dismissed without prejudice for failure to effect service. (Doc. no. 8.) Plaintiff responded to the Order to Show Cause by filing documentation attempting to

demonstrate that she mailed a request for waiver to the defendant on October 30, 2010. (Doc. no. 9.) However, the documentation does not provide the name of the individual at Solvern Innovations that the waiver was to be sent to, nor does it provide the address to which it was sent. (Id.)

Under Fed. R. Civ. P. 4(l), "[u]nless service is waived, proof of service must be made to the court." There is no indication that the defendant has waived service; Plaintiff has merely claimed to have mailed a waiver to the defendant- not that the waiver form was completed and returned. In fact, Plaintiff's only evidence that she sent a waiver to the defendant consists of a receipt from a United States Post Office which indicates that she mailed a letter via first class mail to Catonsville, Maryland. (Doc. no. 9, p. 8.) As stated above, Plaintiff gives no indication of any specific information such as the exact address that the waiver was mailed to or exactly who the waiver was addressed to. Thus, there is no indication that Plaintiff complied with Fed. R. Civ. P. 4(d)(1)(A)(ii) which, in this case, requires that the waiver be addressed to "an officer, a manager or general agent, or any other agent authorized by appointment or by law to receive service of process" because Plaintiff is attempting to serve the waiver on a corporation. Plaintiff was previously cautioned that if the defendant chose not to waive formal service, she was still responsible for properly effecting service of the summons and complaint. (Doc. no. 7, p. 2.) Indeed, under Fed. R. Civ. P. 4(l), Plaintiff has the burden of demonstrating that service has been properly accomplished. See Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (stating that if a defendant receives mail service, but does not respond, the plaintiff must effect personal service). Thus, when the defendant failed to return executed waiver, the burden was on Plaintiff to properly effect service and file appropriate proof of service with the Court, which

she has not done.

In sum, the time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its December 3, 2010 Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 8, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a re-filed action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, there is no evidence of evasion of service. However, the applicable statute of limitations might bar a re-filed action, as Title VII actions such as the instant one must be brought within 90 days after the Equal Employment Opportunity Commission notifies a claimant of her right to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1); Santini v. Cleveland Clinic, 232 F.3d 823, 825 (11th Cir. 2000) (*per curiam*).[1]

---

[1] The Court is aware that the Eleventh Circuit has recognized that the 90-day statute of limitations may be equitably tolled where a plaintiff files suit outside the limitations period but nonetheless acted promptly and with due diligence in filing suit. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). However, the Court makes no

3

Nevertheless, the fact that dismissal could result in expiration of the statute of limitations does not necessarily require that the Court extend the time for service provided for under Fed. R. Civ. P. 4(m). See Horenkamp, 402 F.3d at 1133; see also Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming dismissal for failure to serve despite expiration of statute of limitations during pendency of case); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."). Here, the Court finds no reason to extend the time for service. Plaintiff filed her complaint approximately six months ago, and while it appears that Plaintiff may have attempted to serve the defendant, there is no evidence that Plaintiff complied with Fed. R Civ. P. 4(d)(1)(A)(ii). Additionally, the defendant has not filed an executed waiver of service with the Court or otherwise made an appearance in this case indicating that service has been properly accomplished. As stated above, Plaintiff was previously informed that it was her duty to effect proper service if the defendant chose not to waive formal service (doc. no. 7, p. 2), and there is no evidence in the record that Plaintiff has effected proper service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon the defendant would lead to dismissal of her case. (See doc. nos. 7, 8.) Accordingly, in light of the circumstances discussed above, the Court finds it appropriate to recommend the dismissal of Plaintiff's case, irrespective of whether a re-filed claim would be time-barred. See Lepone-Dempsey, 476 F.3d at 1282. The Court therefore **REPORTS** and

---

definitive finding in this case as to the whether a re-filed claim would be time-barred and therefore need not examine the issue of equitable tolling.

4

**RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel, 922 F.2d at 728-29.

SO REPORTED and RECOMMENDED this 20th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE